IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NUMBER: 24-MJ-4040-RJD |
| Plaintiff, | ) | |
| | ) | Title 26, United States Code, Section 5861(d) |
| vs. | ) | Title 26, United States Code, Section 5861(f) |
| | ) | Title 18, United States Code, Sections 922(l) |
| YAROSLAV VISHNEVSKI, | ) | Title 18, United States Code, Sections 922(k) |
| | ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT

I, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent Zachary Green, duly sworn, state the following is true and correct to the best of my knowledge and belief:

### COUNT 1

### POSSESSION OF AN UNREGISTERED FIREARM

On or about May 2, 2024, in Saline County, within the Southern District of Illinois,

**YAROSLAV VISHNEVSKI**,

Defendant herein, knowing received and possessed a firearm, a short-barreled rifle (SBR), not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5841, 5861(d) and 5871.

### COUNT 2

### MANUFACTURING NFA WEAPON WITHOUT PAYING SPECIAL OCCUPANCY TAX

On or about May 2, 2024, in Saline County, within the Southern District of Illinois,

**YAROSLAV VISHNEVSKI**,

Defendant herein, did knowing manufacture and possess a firearm, a short-barreled rifle (SBR), without previously paying a special occupancy tax and registered to him in the National Firearms

Registration and Transfer Record, in violation of Title 26 United States Code, Section 5861(f).

## COUNT 3

### POSSESSION OF AN UNREGISTERED FIREARM

On or about May 2, 2024, in Saline County, within the Southern District of Illinois,

YAROSLAV VISHNEVSKI,

Defendant herein, knowing received and possessed a firearm, a short-barreled shotgun (SBS), not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5841, 5861(d) and 5871.

## COUNT 4

### POSSESSION OF AN UNREGISTERED FIREARM

On or about May 2, 2024, in Saline County, within the Southern District of Illinois,

YAROSLAV VISHNEVSKI,

Defendant herein, knowing received and possessed a firearm, a silencer, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5841, 5861(d) and 5871.

## COUNT 5

### ILLEGAL IMPORTATION OF A FIREARM

On or about May 2, 2024, in Saline County, within the Southern District of Illinois,

YAROSLAV VISHNEVSKI,

Defendant herein, knowing and without authorization by the Attorney General as provided in 18 United States Code, Section 925(d), imported and brought into the United States, a firearm, that is, a silencer, in violation of Title 18, United States Code, Sections 922(l) and 924(a)(1)(C).

## COUNT 6

### POSSESSION OF FIREARM WITH OBLITERATED SERIAL NUMBER

On or about May 2, 2024, in Saline County, within the Southern District of Illinois,

**YAROSLAV VISHNEVSKI**,

Defendant herein, knowingly possessed a firearm, being an Atlas Arms (GFORCE), model G-Force ON-01, 12 Gauge SBS, obliterated serial number, in violation of Title 18, United States Code, Section 922(k).

## **AFFIDAVIT**

I further state that I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and that this Criminal Complaint is based on the following facts:

1. I am a Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), currently assigned to the Kansas City Field Division, Fairview Heights Field Office. I have been so employed since June 2018. As a Special Agent, I have graduated from the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and the Special Agent Basic Training at the ATF National Academy. As such, I am a "federal law enforcement officer" within the meaning of Rule 41 of the Federal Rules of Criminal Procedure.

2. In my capacity as a Special Agent, I am responsible for investigating violations of federal statutes over which the ATF has investigative jurisdiction, to include violations relating to firearms, controlled substances, carjacking, and robbery, among other things. I am familiar with and have used normal methods of investigation, including, but not limited to, visual and electronic surveillance, interviewing of witnesses and defendants, reviewing social media accounts, utilization of cellular telephone data, reviewing of forensic extraction data, and the utilization of confidential informants and undercover agents. In addition to my primary duties as a Special Agent, I am also a Firearms Interstate Nexus Expert, the Privately Made Firearm (PMF) Trainer

for the ATF Kansas City Field Division and assigned to the United States Marshals Service Great Lakes Regional Fugitive Task Force. Prior to being a Special Agent with ATF, I was employed as a police officer with the Shiloh (IL) Police Department from August 2006 to June 2018, where I had been assigned to Patrol and Investigations.

3. The facts and information contained in this affidavit are based on my personal knowledge, information obtained from other law enforcement officers/agents and/or witnesses. This affidavit does not contain every fact known to me regarding this investigation, but rather contains information necessary to demonstrate probable cause.  In support of this Complaint, your Affiant states as follows:

4. April 22, 2024, U.S. Customs and Border Patrol (CBP) intercepted a parcel containing two suspected firearm silencers inbound to the Unted States from China. The parcel was address to Yarloslav VISHNEVSKI at the residence of 14 East Logan Street, Harrisburg, IL 62946, an address located in the Southern District of Illinois.  The suspected silencers were contained in a U.S. Priority Mail package, with a USPS tracking # EVS 9205 5903 5026 5711 1859 5094 12. The shipper address was listed as YBD Lane 628 Meibi Road Wangdian Town Jiaxin, China.

5. On April 25, 2024, Homeland Security Investigations (HSI) contacted the Illinois State Police (ISP) and informed ISP of the intercepted suspected silencers. HSI ultimately released the silencers to ISP for the application of an anticipatory search warrant for the residence of 14 East Logan Street, Harrisburg, IL 62946 and controlled delivery of the suspected silencers to the residence.

6. On May 2, 2024, law enforcement personnel with ISP conducted a controlled delivery of the silencers, with the assistance of law enforcement personnel with HSI and ATF. During the controlled delivery, an ISP Special Agent acting in an undercover capacity delivered the package to 14 Logan Street, Harrisburg, IL and sat the package on the front porch. While maintaining visual surveillance of the package, VISHNEVSKI, ultimately retrieved the package and brought the package into the residence.

7. After VISHNEVSKI, brought the package inside of the residence, shortly thereafter VISHNEVSKI departed the residence without the package. ISP marked units conducted a traffic stop on VISHNEVSKI while ISP Special Weapons and Tactics (SWAT) team conducted the search warrant execution of the residence.

8. VISHNEVSKI was ultimately transported from the traffic stop to the Harrisburg (IL) Police Department and detained in the interview room. During the execution of the search warrant, VISHEVSKI's spouse, M.V. was detained and ultimately transported to the Harrisburg (IL) Police Department interview room.

9. During a search of the residence, law enforcement recovered the suspected silencers intercepted by CBP and delivered to the residence by law enforcement. Based upon Your Affiants training and experience as the PMF Trainer for the Kansas City Field Division, the suspected silencers were a Monocore style design, typically advertised for sale and shipped from China as "fuel filters" or "solvents traps". These suspected silencers are consistent with silencers previously determined to be silencers by ATF Firearms Ammunition and Technology Division. In addition, law enforcement observed and seized a rifle with the same type of silencer attached to the rifle. These silencers did not have a visible serial number, which is required to be on the silencer in

addition to other marking required, which indicated the silencers were not registered in the National Firearms Registration and Transfer Record (NFRTR) as required by the National Firearms Act (NFA).

10. Law enforcement also observed and seized two 3D printers from the residence and one 3D printer from a camper on the side of the residence. During the search law enforcement observed numerous suspected 3D printed silencers from the residence and a suspected 3D printed silencer attached to a rifle in the same camper on the side of the residence. Law enforcement also located and recovered numerous 3D printed firearms, to include frames and receivers.

11. In addition, located in the basement of the residence was a desktop CNC machine, commonly known as a Ghost Gunner. A Ghost Gunner is a CNC machine, which is commonly utilized for the subtractive manufacturing of "80%" receivers. During the search of the residence, law enforcement observed and seized numerous receivers, which were in different stages of manufacturing. Some of the receivers were assembled with the trigger control group installed while others were milled without the trigger control group installed. These receivers were packaged in USPS mailer envelopes and located in large tote bins. In addition, law enforcement located a black firearm case in an upstairs bedroom closet, which contained two suspected privately made firearms (PMF) short barreled-rifles (SBRs). These SBR's did not have visible serial numbers along with other manufacturing markings, which indicated the firearms were not registered in the NFRTR as required by the NFA. Law enforcement also located a Glock, model 19X, 9mm caliber SBR, serial #BXHD354 on the slide in the same closet. The Glock was configured with an aftermarket stock and a vertical foregrip attached.

12. Your Affiant later conducted measurements of the SBS firearms located. The Glock, model 19X, had an overall length of approximately 25 inches with a barrel length of approximately 4 ½ inches. The PMF, model AR-9 style, 9mm caliber SBS, no visible serial number, had an overall length of approximately 26 ¼ inches with a barrel length of approximately 8 ½ inches. The PMF, model AR-15 style, .300 BLK caliber SBS, no visible serial number, had an overall length of approximately 24 ¼ inches with a barrel length of approximately 6 1/8 inches. Since the firearms had a barrel length of less than 16 inches in length the firearms are SBRs, and therefore required to be registered in the NFRTR as required by the NFA.

13. In a secondary bedroom closet, law enforcement located a firearms case that contained a suspected short-barreled shotgun, being an Atlas Arms (GFORCE), model GForce ON-01, 12 Gauge SBS, with an obliterated serial number. You Affiant later conducted a measurement of the SBS, which had an overall length of approximately 27 ¾ inches and with a barrel length of approximately 12 ¼ inches. Since the barrel length was less than 18 inches in length the firearm is a SBS and therefore required to be registered in the NFRTR as required by the NFA.

14. In the camper next to the side of the residence, law enforcement also observed a drill press, a drilling jig, and large amount of metal shavings, which based on training and experience are indicative of subtractive firearms manufacturing.

15. ISP SA Ryan Propst and your Affiant conducted a video recorded custodial interview with M.V. at the Harrisburg Police Department. Based on M.V's statement, she did not appear to have extensive knowledge about VISHNEVSKI's firearm activity. M.V. advised she was aware VISHNEVSKI made firearms, and she only owned one firearm, being a revolver in the

residence, given to her by VISHNEVSKI. M.V. advised she asked VISHNEVSKI if he sold firearms, which he told her he did not.

16. ISP SA Propst and your Affiant conducted a video recorded custodial interview with VISHNEVSKI. During the interview, VISHNEVKI declined to answer questions regarding some of his firearm's activity. VISHNEVSKI did advise he ordered a packaged and cancelled the order, however it had arrived today, when speaking about the two silencers delivered during the controlled delivery. VISHNEVSKI indicated with both the silencers and the short-barreled rifles that if he lived in Kentucky, he could have them. VISHNEVKI stated he had not shipped any firearms.

17. On May 3, 2024, Your Affiant requested a NFA Records Request to the ATF NFA Branch for any firearms registered to VISHNEVSKI. NFA Branch advised your Affiant there was no record in the NFRTR for VISHNEVSKI.

18. Based on the foregoing, I believe that probable cause exists to charge YAROSLAV VISHNEVSKI with, among other things, violations of 26, United States Code, Section 5861(d), Title 26 United States Code, Section 5861(f), Title 18, United States Code, Sections 922(l), and Title 18, United States Code, Sections 922(k) on or about May 2, 2024.

\\

\\

\\

\\

\\

FURTHER AFFIANT SAYETH NAUGHT.

_____
ZACHARY GREEN
Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives

State of Illinois      )
                       )   SS.
County of Jackson      )

Sworn to before me and subscribed in my presence on the  3rd  day of May 2024, at Carbondale, Illinois.

_____
REONA J. DALY
**United States Magistrate Judge**

_____
Casey Bloodworth
Assistant United States Attorney