UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-cr-40027-JPG |
| YAROSLAV VISHNEVSKI, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This case is before the Court on the Government's Second Motion in Limine (Doc. 116). It asks the Court to enter an order prohibiting Defendant Yaroslav Vishnevski from presenting evidence, eliciting testimony, making arguments, or referencing before the jury of any alleged good-faith misunderstanding of the National Firearms Act ("NFA")'s tax, registration, or approval requirements, and to reject Vishnevski's proposed jury instruction No. 32.[1] Vishnevski filed a response to the motion (Doc. 117).

The NFA requires that certain "firearms," including short-barreled rifles, short-barreled shotguns, and silencers, be registered in the National Firearms Registration and Transfer Record. *See* 26 U.S.C. § 5861(d). Section 5861(d) does not contain an explicit mens rea requirement. It merely states that "[I]t shall be unlawful for any person . . . to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." *Id.*

In *United States v. Freed*, 401 U.S. 601 (1971), the Supreme Court decided that § 5861(d) does not require the government to prove that the defendant knew the firearm was unregistered. *Id.* at 607. Later, in *Staples v. United States*, 511 U.S. 600 (1994), the Supreme

---

[1] The Government calls this instruction No. 31. That is what the instruction was labeled as when it was first submitted to the Court. The Court's initial review of Vishnevski's proposed instructions revealed that he submitted two instructions labeled as No. 19. As such, the Court relabeled the instructions, and this instruction became No. 32.

Court held that § 5861(d) requires proof that the defendant knew the characteristics of the weapon that made it a firearm covered by the NFA. *Id.* at 619. *Freed* and *Staples*, taken together, suggest that once the government proves that the defendant knew of these characteristics, "strict liability kicks in with respect to the registration." *See United States v. Edwards*, 90 F.3d 199, 202 n.3 (7th Cir. 1996); *See also United States v. Elmowsky*, No. 22-562, 2023 WL 3513582, at *2 (2d Cir. May 18, 2023) (citing *Staples* to find that "even a good-faith belief that the [short-barreled rifle] did not need to be registered is not a defense to the general-intent crime embodied in section 5861(d)"); *United States v. Cox*, 906 F.3d 1170, 1194–95 (10th Cir. 2018) (stating that, under *Staples*, "certain factual mistakes (e.g., that a firearm isn't a 'firearm' for NFA purposes) may provide a defense to a charge of violating the NFA, but legal mistakes (e.g., that the NFA doesn't apply to locally made firearms) do not").

Although *Freed* and *Staples* were decided before the Supreme Court recognized that the Second Amendment includes a personal right to keep and bear arms, both cases are still good law, and this Court must follow them. *See United States v. White*, 97 F.4th 532, 539 (7th Cir. 2024) (explaining that if "a Supreme Court decision is directly controlling, our job is to follow it . . . even if 'intervening decisions have eroded [its] foundation.'" (citation omitted)).

The Court is not persuaded that *Elonis v. United States*, 575 U.S. 723 (2015) warrants a different result. *Elonis* cites *Staples* with approval. *See Elonis*, 575 U.S. at 734–35. In addition, it reaffirms the general rule that "a defendant . . . must 'know the facts that make his conduct fit the definition of the offense,' even if he does not know that those facts gave rise to a crime." *Id.* (quoting *Staples*, 511 U.S. at 608 n.8). Applying the general rule to § 5861(d), the only mens rea the Government must prove is that: (1) Vishnevski knowingly possessed a firearm with

2

characteristics which required it to be registered in the National Firearms Registration and Transfer Record; and (2) Vishnevski knew that the firearm had those characteristics.

Since the Government need not prove that Vishnevski had knowledge that the firearms were unregistered, a good-faith misunderstanding of the NFA's requirements is not an excuse. Accordingly, Vishnevski's proposed jury instruction No. 32 is an inaccurate statement of the law, and the Court rejects the instruction. *See United States v. Stott*, 245 F.3d 890, 903 (7th Cir.2001); *United States v. Lanzotti*, 205 F.3d 951, 956 (7th Cir. 2000).

For the foregoing reasons, the Court **GRANTS** the Government's Second Motion in Limine (Doc. 116) and **REFUSES** Vishnevski's proposed jury instruction No. 32.

**IT IS SO ORDERED.**
**DATED**: **June 12, 2026**

**J. PHIL GILBERT**
**United States District Judge**

3