UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YAROSLAV VISHNEVSKI,<br><br>Defendant. | Case No. 24-cr-40027-JPG |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Yaroslav Vishnevski's Renewed Motion for a Judgment of Acquittal Under Rule 29 (Doc. 133) and Motion for a New Trial Under Rule 33 (Doc. 134). The Government filed responses to the motions (Docs. 141, 142), and Vishnevski filed replies (Docs. 146, 147).

## I. BACKGROUND

On June 9, 2026, a jury convicted Vishnevski of possession of an unregistered short-barreled rifle (Count 1); manufacturing an unregistered short-barreled rifle (Count 2); possession of an unregistered short-barreled shotgun (Count 3); possession of an unregistered silencer (Count 4); and possession of a firearm with an obliterated serial number (Count 6). The Government dismissed the charge of illegal importation of a silencer (Count 5) shortly before trial.

The following evidence was introduced at trial. In the spring of 2024, Border Patrol agents in New York intercepted a package containing two firearm silencers that Vishnevski ordered from China. The package was addressed to 14 East Logan Street in Harrisburg, Illinois ("14 East Logan"). A title search showed that 14 East Logan was titled to Vishnevski's wife. The property associated with Vishnevski and his wife, however, also included 16 East Logan Street

in Harrisburg, Illinois (“16 East Logan”), which was located immediately next door to 14 East Logan and titled to Vishnevski, as well as a camper trailer situated between the two houses (“the camper”), and a fifth-wheel trailer located in front of the two houses (“the fifth-wheel trailer”).

The silencers were sent to the Illinois State Police (“ISP”), which applied for and obtained an anticipatory search warrant covering the entire property. After obtaining the warrant, officers arranged for a controlled delivery of the silencers to 14 East Logan, the address to which the package was addressed when it was intercepted. The package was delivered on May 2, 2024. Officers observed Vishnevski take possession of the package and carry it inside 14 East Logan. They then executed the search warrant.[1]

Upon entering 14 East Logan, officers located the two silencers that had just been delivered (Govt. Ex. 5 and 6). Two 3D printers were located near the area where the silencers were found. The printers contained programs for producing firearms and silencers. Officers also found five additional silencers. One was consistent with the silencers delivered from China, while the remaining four had been privately manufactured using a 3D printer (Govt. Ex. 8, 9, 10, and 11).

Officers also recovered two privately made, unregistered short-barreled rifles (Govt. Ex. 1 and 2), a commercially manufacturered unregistered short-barreled rifle (Govt. Ex. 3), and a short-barreled shotgun with an obliterated serial number (Govt. Ex. 4).

The search also revealed tools and machinery used to manufacture privately made firearms. Officers found a Ghost Gunner 3, a machine commonly used to mill lower receivers for firearms. In the camper, officers found a drill press and specialized jigs used to manually mill

[1] Unless otherwise stated, the items described below were found in 14 East Logan.

lower receivers.

Officers also recovered components that were consistent with those used to manufacture two of the short-barreled rifles. Eight of the recovered components were upper receivers matching the upper receiver used to manufacture Govt. Ex. 2. Officers found a receipt showing that the upper receivers had been shipped to Vishnevski at an address in Paducah, Kentucky. Officers also recovered 229 lower receivers consistent with the lower receiver used to manufacture Govt. Ex. 2 and 17 lower receivers matching the lower receiver used to manufacture Govt. Ex. 1. In total, the officers found 332 lower receivers that had been prepared for later gun manufacturing activities using the Ghost Gunner or the drill press and specialized jigs.

In the camper, officers additionally recovered more than 80 pounds of metal shavings. The evidence established that metal shavings are a byproduct of the metalworking process used to produce lower receivers for privately manufacturered guns.

During the search, officers also seized firearms that were legal to possess. Vishnevski later filed a claim with the Bureau of Alcohol, Tabacco, Firearms, and Explosives ("ATF") seeking the return of those firearms.

At trial, Vishnevski moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 on all counts. He argued that the Government failed to introduce sufficient evidence to establish that he possessed any of the charged firearms or silencers. The Court found that, viewing the evidence in the light most favorable to the Government, there was sufficient evidence of Vishnevski's possession of the charged firearms and silencers to submit the case to the jury.

In instructing the jury on possession, the Court gave Vishnevski's proposed instruction

on the issue. The Court instructed the jury as follows:

> Possession may be either actual or constructive. Actual possession means that the firearm must be in the immediate possession or control of the defendant. Constructive possession means when a person possesses an object if he knowingly has the ability and intention to exercise control over the object, either directly or through others. A person may possess an object even if he is not in physical contact with it and even if he does not own it. Constructive possession can be demonstrated by exclusive control over the property where the contraband was discovered.

## II. ANALYSIS

### A. Renewed Motion for a Judgment of Acquittal Under Rule 29 (Doc. 133):

A court should grant a motion for judgment of acquittal if "the evidence is insufficient to sustain a conviction" for the offenses charged. FED. R. CRIM. P. 29(a). The court may grant the motion only where the evidence, viewed in the light most favorable to the Government, is such that "no rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt." *United States v. Peters*, 277 F.3d 963, 967 (7th Cir. 2002). The Court must remember that "it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences." *United States v. Reed*, 875 F.2d 107, 111 (7th Cir. 1989) (quoting *United States v. Marquardt*, 786 F.2d 711, 780 (7th Cir. 1986)). However, while the Court defers to the jury's weighing of the evidence and its drawing of reasonable inferences, it must remember that "each link in the chain of inferences must be sufficiently strong to avoid a lapse into speculation." *Peters*, 277 F.3d at 967 (quoting *Piaskowski v. Bett*, 256 F.3d 687, 693 (7th Cir. 2001)).

As he did at trial, Vishnevski argues that the Court should enter a judgment of acquittal on all counts because the Government did not introduce sufficient evidence that he possessed the charged firearms and silencers.

In a criminal case charging the defendant with possession, the Government may prove possession in one of two ways: actual possession or constructive possession.

Actual possession requires the Government to "prove that the contraband was in the immediate possession or control of defendant." *United States v. McClinton*, No. 96-3921, 1998 WL 385458, at *1 (7th Cir. June 25, 1998). Constructive possession, on the other hand, "is a legal fiction whereby a person is deemed to possess contraband even when he does not actually have immediate, physical control of the object." *United States v. Griffin*, 684 F.3d 691, 695 (7th Cir. 2012). It can be established by showing "that the defendant knowingly had both the power and the intention to exercise dominion and control over the object, either directly or through others." *Id.*

The Government may demonstrate constructive possession by showing either that "the defendant had 'exclusive control' over the property where the contraband was discovered" or that the defendant "had a 'substantial connection' to the location where contraband was seized." *Id.* (citations omitted). Residency alone is insufficient to establish a substantial connection. *Id.* The Government must show "proximity coupled with evidence of some factor—including connection with [an impermissible item], proof of motive, a gesture implying control, evasive conduct, or a statement indicating involvement in an enterprise." *Id.* at 696. And where a "defendant jointly occupies a residence, proof of constructive possession of contraband in the residence requires the government to demonstrate a 'substantial connection' between the defendant and the contraband itself, not just the residence." *Id.* at 697.

The Court has reviewed the trial record and concludes that, viewing the evidence in the light most favorable to the Government, Vishnevski has failed to demonstrate that the evidence

was insufficient to sustain his convictions. The Court addresses each count of conviction separately below.

*i. Count 2 – Manufacturing an Unregistered Short-Barreled Rifle:*

Unlike the other four counts at issue, Count 2 does not require the Government to prove possession. Because possession is not an element of the charged offense, and Vishnevski does not argue that the Government introduced insufficient evidence to establish that he manufactured the charged firearms, the Court finds no basis to disturb his conviction on Count 2.

Even if Vishnevski had made such an argument, the Court finds that sufficient evidence supports his conviction on Count 2. During the search of 14 East Logan, officers found a receipt showing that ten upper receivers had been shipped to Vishnevski at an address in Paducah, Kentucky. Eight of those receivers were found unused in the residence. The jury heard evidence that the receivers matched the upper receiver used to manufacture Govt. Ex. 2. From this evidence, the jury could reasonably infer that Vishnevski purchased the upper receivers, received them in Paducah, Kentucky, transported them to the residence, and used one of them to manufacture an unregistered short-barreled rifle. Once the jury connected Vishnevski to the manufacture of firearms at the residence, it could reasonably infer that Vishnevski was involved in the manufacturing activities supported by the equipment found there, including the 3D printers, Ghost Gunner, drill press, and specialized jigs. This equipment was found both in 14 East Logan and in the camper. For these reasons, the Court will not enter judgment of acquittal on Count 2.

*ii. Count 1 – Possession of an Unregistered Short-Barreled Rifle:*

As discussed above, the evidence introduced at trial was sufficient to establish that

Vishnevski manufactured Govt. Ex. 2. The evidence likewise supports the conclusion that he possessed the firearm and is sufficient to sustain his conviction on Count 1.

*iii. Count 4 – Possession of Unregistered Silencers:*

At trial, the Government introduced evidence that Vishnevski had actual possession of two silencers—the silencers he had ordered from China and that were delivered to the front porch of his residence (Govt. Ex. 5 and 6). Officers watched Vishnevski take possession of the package and carry it inside 14 East Logan. They then executed the anticipatory search warrant and recovered the two silencers. Before the officers entered, Vishnevski opened the package and placed the silencers in the living room of the residence. This evidence is sufficient for a rational jury to conclude that Vishnevski had actual possession of Govt. Ex. 5 and 6.[2]

There was also sufficient evidence from which the jury could conclude that Vishnevski constructively possessed other silencers found in 14 East Logan. As explained above, the evidence supported a finding that Vishnevski was engaged in the manufacture of firearms at 14 East Logan and in the camper. The jury could reasonably infer from that evidence that Vishnevski manufactured the four privately made silencers (Govt. Ex. 8, 9, 10, and 11) found in the residence and therefore constructively possessed them. *See Griffin*, 684 F.3d at 696 (stating that the required nexus may be established through evidence indicating the defendant's involvement in an enterprise). Thus, the evidence was sufficient to sustain Vishnevski's conviction on Count 4.

*iv. Counts 3 and 6 – Possession of an Unregistered Short-Barreled Rifle and Possession of a Firearm with an Obliterated Serial Number:*

[2] Even if this evidence was insufficient to establish actual possession (which it is not), it is more than sufficient to establish constructive possession. The two silencers were shipped directly to Vishnevski at 14 East Logan.

Counts 3 and 6 are based on the same unregistered short-barreled shotgun that had an obliterated serial number (Govt. Ex. 4). Based on the reasonable inference that Vishnevski was engaged in the manufacture of privately made firearms and silencers at 14 East Logan and in the camper, that he received two silencers at 14 East Logan, and that he possessed short-barreled rifles and privately made silencers at 14 East Logan, the jury could reasonably infer that Vishnevski also constructively possessed Govt. Ex. 4. *See id.* (stating that the required nexus may be established through evidence connecting the defendant to another impermissible item or evidence indicating the defendant's involvement in an enterprise). Accordingly, the Court will not enter a judgment of acquittal on Counts 3 and 6.

B. Motion for New Trial Under Rule 33 (Doc. 134):

A court may vacate a judgment and grant a defendant a new trial if the interest of justice so requires. FED. R. CRIM. P. 33(a). The decision to grant a new trial is within the Court's discretion. *See United States v. Ervin*, 540 F.3d 623, 630 (7th Cir. 2008). In deciding whether to grant a new trial, the Court "may weigh evidence, evaluate credibility, and grant the motion if 'the substantial rights of the defendant have been jeopardized.'" *United States v. Eberhart*, 388 F.3d 1043, 1052 (7th Cir. 2004) (quoting *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989)), *rev'd on other grounds*, 546 U.S. 12 (2005). In making this determination, the Court considers the evidence in the light most favorable to the Government. *Id.*

Vishnevski asks the Court to vacate the judgment and grant him a new trial based on 22 alleged errors committed during trial. His motion appears to challenge nearly every adverse ruling against him. But the motion merely identifies those rulings; it does not explain how the Court erred in making any of them, nor does it cite any legal authority supporting his contention

that the Court's rulings were erroneous. That alone is enough for the Court to deny the motion. *See United States v. Wimberly*, 60 F.3d 281, 287 (7th Cir. 1995) (stating that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

To the extent that Vishnevski's motion rests on arguments he previously made in this case, those arguments fail to meet the relevant standards. For example, his arguments in open court and in response to the Government's Motion in Limine do not establish that any alleged error in the jury instructions prejudiced him by confusing or misleading the jury. *See Susan Wakeen Doll Co. v. Ashton Drake Galleries*, 272 F.3d 441, 452 (7th Cir. 2001). In addition, his argument in open court that the Court should exclude evidence that he filed paperwork asking for the return of the seized guns does not explain how the admission of that evidence affected his substantial rights or had a significant chance of affecting the outcome of the trial. *See Jordan v. Binns*, 712 F.3d 1123, 1137 (7th Cir. 2013). The Court stands by its prior rulings, as set forth in its written orders and stated in open court.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Vishnevski's Renewed Motion for a Judgment of Acquittal Under Rule 29 (Doc. 133) and Motion for a New Trial Under Rule 33 (Doc. 134).

**IT IS SO ORDERED.**
**DATED: August 21, 2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**United States District Judge**