UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YAROSLAV VISHNEVSKI,<br><br>Defendant. | Case No. 24-cr-40027-JPG |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Yaroslav Vishnevski's Motion for Release from Custody Presentence (Doc. 145). The Government opposes the motion (Doc. 150).

18 U.S.C. § 3143 governs release pending sentencing. *See* FED. R. CRIM. P. 46(c). It makes detention the general rule and only allows for release if a defendant establishes by "clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community." *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM P. 46(c).

Here, Vishnevski fails to meet his burden. In December 2024, while on pretrial release, Vishnevski sought out and harassed a potential government witness. Based on that conduct, Magistrate Judge Reona J. Daly found probable cause to believe that Vishnevski had committed a state stalking offense, determined that no conditions would ensure the safety of the community, and revoked Vishnevski's bond. The undersigned subsequently conducted a de novo hearing and ordered Vishnevski released subject to exceptionally restrictive conditions. Most notably, Vishnevski was required to relocate to Massachusetts to ensure that he remained outside this jurisdiction and away from individuals involved in this case. The circumstances have changed since that determination. Vishnevski is no longer presumed innocent; he has been convicted and is awaiting sentencing. Moreover, the state court's stalking finding was affirmed on appeal.

Thus, the Court's procedural concerns about the state-court proceeding have been resolved. Under these circumstances, Vishnevski cannot establish by clear and convincing evidence that he does not pose a danger to the community.

To the extent Vishnevski's motion rests on humanitarian concerns, those concerns do not establish that he is not a danger to the community. Absent evidence to the contrary, the Court is confident that Vishnevski's custodians will act in good faith to care for his health. In addition, his sentencing was moved up to September 10, 2026, at 11:00 AM, less than three weeks away. In the meantime, if Vishnevski believes that his medical needs are not being adequately addressed, he may pursue any available administrative remedies at the facility where he is housed and, if necessary, seek appropriate relief through a civil action.

For the foregoing reasons, the Court **DENIES** Vishnevski's Motion for Release from Custody Presentence (Doc. 145). It reaches its decision without an evidentiary hearing because the relevant evidence has already been developed in multiple proceedings.

**IT IS SO ORDERED.**
**DATED**: **August 21, 2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**United States District Judge**